ORR *v.* DILLARD.

5-464                                        271 S. W. 2d 357

Opinion delivered October 4, 1954.

*O. E. Gates, J. R. Wilson, Henry B. Whitley, U. A. Gentry* and *Paul K. Roberts,* for appellant.

*Tom J. Haley, Jr.,* and *Williamson & Williamson,* for appellee.

J. SEABORN HOLT, J.   December 5, 1929, A. C. McCoy and Hazel, his wife, (Negroes) executed their note in the amount of $330.00 to appellee, Dillard, and, as security, also executed a mortgage on approximately 140 acres of land.   The note bearing 10% interest was payable December 5, 1934, and provided that if interest be not paid annually when due, such default would make the note due and payable immediately.   There was a default in payment of interest and the note became due December 5, 1930. December 17, 1934, McCoy prepared a farmer-debtor petition which he delivered to Mr. White, Conciliation Commissioner, and which was filed by White with the Federal Court Clerk, December 26, 1934.   Thereafter McCoy made offer of composition and extension (in the amount of $500.00) to appellee Dillard which Dillard accepted on February 5, 1935.   April 1, 1935, the Federal Court entered an order of confirmation of the extension plan under the provisions of the Frazier-Lemke Act, being § 75 of the Bankruptcy Act (11 U. S. C. A. § 203).   Under the extension plan agreement, Archie McCoy agreed to pay off the 1929 mortgage at the rate of $94 per year in six payments covering a period of six years.

In the meantime Dillard, proceeding under the terms of the mortgage, *supra,* caused the land to be sold December 17, 1934, and he, as mortgagee, bought it and had deed made to himself. January 8, 1936, an action of ejectment was filed for possession and service had on McCoy, and on February 17, 1936, an ejectment order was issued directing immediate possession. December 4, 1936, Dillard and wife sold the land in question by warranty deed to appellee W. D. Wilkerson for a consideration of $500.00, and on December 30, 1936, Wilkerson sold timber from the property in the amount of $377.50 to the Southern Lumber Company.

March 8, 1937, McCoy's wife Hazel and children were evicted from the land and Wilkerson took possession. Prior to 1936 McCoy had abandoned his wife Hazel and their seven minor children, leaving them occupying the land in question. Hazel divorced McCoy April 8, 1939, and there was no property award made. On April 11, 1939, Hazel married Everett Orr, approximately a year and seven months before Archie McCoy died on November 17, 1940.

September 4, 1946, the present suit was filed in the Bradley Chancery Court on behalf of Hazel Orr, her minor children, *et al.,* to cancel Dillard's mortgage, the deed to himself and his deed to Wilkerson, and to recover the land in question (139.08 acres) ; for an accounting, for rents, profits, and the value of the timber cut from the land. Trial resulted in a decree for appellee on all issues. Thereafter, on January 6, 1947, suit was filed in the Federal Court by Hazel Orr, *et al.,* praying restoration of the land here involved to Hazel Orr and her children, and making substantially the same allegations and asking for the same relief as prayed in the above Bradley Chancery Court action of September 4, 1946. On a hearing, the Federal Court adopted the following conclusions found by the Conciliation Commissioner:

"The captioned case was abated upon the death of the farmer-debtor, Archie McCoy, on November 17, 1940, which abatement suspended the action until the substitu-

tion of proper parties was made by order of the Court. That by law the right to make a substitution of proper parties in order to revive the action is limited to a period of two years after the death of the party involved—which limit in this case was reached on November 17, 1942, without any effort of any kind being made to revive the case as provided by law. That the petition filed on January 6, 1947 has been filed 'out of time' by over four years and should be dismissed''; and found ''that the petition filed in this case on January 6, 1947 by Hazel Orr and others styled as 'Petition for Restoration and Accounting' be and the same is hereby dismissed because of being filed 'out of time'.''

There appears to be little if any dispute as to the material facts in this case. On this appeal, appellee Wilkerson primarily defends his title to the tract of land here involved which Dillard deeded to him December 4, 1936, on the ground of open, notorious, peaceable, and adverse possession for more than seven years. As succinctly stated by the Chancellor, the appellants, plaintiffs in the lower court ''seek to avoid the effect of the defendants' muniments of title, above referred to, by reason of the Conciliation Proceedings, conducted under the provisions of the Frazier-Lemke Act, § 75 of the Bankruptcy Act, in the United States District Court for the Eastern District of Arkansas, Western Division, initiated December 26, 1934, when Archie McCoy filed his 'Petition for Conciliation and Extension'; followed by an 'Offer of Composition and Extension' filed by McCoy, accepted by L. W. Dillard, and approved April 1, 1935, by the court's confirmation of the 'Extension Plan,' whereby McCoy was in effect granted the right to redeem the lands from Dillard's mortgage foreclosure, by McCoy paying all taxes due and becoming due on the land, and paying to L. W. Dillard the sum of $93.34 each year for a period of six years, beginning November 15, 1935. Plaintiffs maintain that the Federal Court had exclusive jurisdiction over the land, and all persons having interest therein, from the date of the filing of McCoy's Petition (which plaintiffs say was December 17, 1934) until the conciliation pro-

ceedings were formally dismissed from the Federal Court docket on March 29, 1948; on account of which proceedings, and because of alleged defects in L. W. Dillard's proceedings for the foreclosure of his mortgage, the plaintiffs contend that L. W. Dillard and his grantee, W. D. Wilkinson have at all times been in the position of mortgagees in possession of the lands involved in this action and as a matter of law have not been holding possession adverse to Archie McCoy and his heirs at law."

The trial court then found that "W. D. Wilkinson is an innocent purchaser, for value, of the real property involved in this action, without notice of any defects in the proceedings whereby L. W. Dillard foreclosed his mortgage under power of sale therein contained, and Wilkinson is therefore not affected by any irregularities which may have occurred in Dillard's mortgage foreclosure proceedings; that Archie McCoy's Petition for Conciliation and Extension was filed in the Federal Court on December 26, 1934, after the completion of the proceedings for the foreclosure of the mortgage held by L. W. Dillard; that Archie McCoy and his heirs were and are bound by the terms of the 'Extension Agreement,' approved by the Federal Court in the conciliation proceedings, whereby McCoy was obligated to pay all taxes at that time due and thereafter becoming due, on the land involved in this action, and to make annual payments to L. W. Dillard, as hereinabove stated; that Archie McCoy paid taxes only on the Bradley County land for one year and otherwise made complete default in the discharge of his obligations under the terms of said Extension Agreement, and thereby forfeited his right to redeem the lands herein involved; that Archie McCoy abandoned the lands involved in this action, and abandoned his family, in 1937; that the plaintiff, Hazel Orr, was divorced from Archie McCoy in his lifetime, and is not his widow, and therefore has no personal interest in the subject matter of this action; that the Circuit Court of Drew County, Arkansas, had jurisdiction to render the Judgment in Ejectment, hereinabove referred to, and said Judgment is valid, binding upon the heirs of Archie McCoy, and all persons

claiming under him; that W. D. Wilkinson, claiming to be the owner thereof, has been in actual, open, notorious, peaceable, exclusive and adverse possession of the lands involved in this action since March 8, 1937, and said adverse possession was well known to Archie McCoy during his lifetime, and to Hazel Orr during Archie McCoy's lifetime and continually thereafter; and that at the time of the filing of this action, by reason of facts and circumstances which had transpired during the lifetime of Archie McCoy, and continued after his death, the heirs of Archie McCoy, and all persons claiming under him, were barred by estoppel and laches from asserting any right, title or interest in the lands involved in this action.''

We hold that the above findings of fact by the trial court are supported by the record and that the court's conclusions of law are correct.

The record reflects that after the order of the Federal Court on April 1, 1935, confirming Archie McCoy's extension agreement with appellee Dillard, although it was clearly within the power of the Federal Court under the Bankruptcy Act so to do, no order of any kind retaining jurisdiction of the subject matter of the proceedings was made. In fact no other Federal Court order or action was ever made or requested by McCoy after the confirmation order of April 1, 1935.

It appears undisputed that McCoy made only one payment of approximately $17 on his debt involved here from the time of its inception in 1929 until he died, and no other payments have been made by anyone for him. While the Federal Court had the power during the period provided in the extension agreement ''to provide for supervisory or other control by the Conciliation Commissioner over the farmer's (McCoy) affairs during such period'' [U. S. C. A. Title 11, § 203j], and also ''had the power at any time during the period covered by the extension proposal as has been confirmed by the court to set the same aside'' (1), as indicated, the Federal Court made no order of any kind subsequent to its order of confirmation.

Having concluded that the decree of the Bradley Chancery Court is in all things correct, it is affirmed.